GEORGE WIEDEMANN BREW. CO. v. OTTO HERMAN ET AL.

**Receiver not Authorized on Simple Contract Claim to Exclude Levy of Judgment Creditor.**

Appointment of a receiver for the property of a debtor, where the plaintiff is the owner of a simple contract claim, and the appointment would exclude a judgment creditor from his right to levy upon the said property for the satisfaction of his judgment is not authorized by Sec. 11894 G. C.

ERROR.

*Dolle, Taylor & O'Donnell,* for plaintiff in error.
*James M. Stone* and *August Bruck,* for defendant in error.

**JONES, (O. B.), J.**

The only question involved in this case is the jurisdiction of the insolvency court in an action to appoint a receiver to take charge of all the property of a corporation on the petition of a creditor whose claim is on an account for merchandise sold, and has not been reduced to judgment, where the sole object of the receivership is to conserve the property of the defendant and prevent the levy of an execution or executions thereon and sale thereunder.

The corporation known as "the Spotlesstown Club," whose property is thus protected, is a corporation not for profit and is operated for the "physical and social benefit" of its members. The property consists of a club house with its furniture and fixtures on the Little Miami river near Milford Park, and its only other assets are the uncollected accounts owing to it by its members.

It appears that the next day after the George Wiedemann Brewing Company had received a judgment in the court of common pleas for more than $1,400 against the Spotlesstown Club, plaintiff below, who claims less than $45, filed his petition in the insolvency court praying for a receiver, in which he sets out the fact that the brewing company had obtained its

Brewing Co. v. Herman.

judgment and threatened to levy execution thereunder, and that other creditors were also threatening suits, and that a sale by the sheriff upon execution would be at a sacrifice. The defendant club appeared contemporaneously with the filing of the petition and filed its answer consenting to the appointment of a receiver as prayed for, and the appointment was made. The brewing company had no notice and was not a party to the suit as originally filed. On its own application within three days after the filing of the petition the brewing company was made a party defendant and filed an application to vacate and set aside the appointment of the receiver. This application was denied and the brewing company brought these proceedings in error to reverse the action of the court thereon.

The action in the insolvency court was exclusively one for the appointment of a receiver. No other relief was sought that the court had jurisdiction to grant. The sole purpose of the proceeding as shown by the petition itself was to prevent creditors from pursuing the remedies allowed them by law for the recovery and enforcement of their judgments. The only relief the plaintiff's claim primarily entitled him to was a money judgment for the amount of his claim, and the insolvency court has no jurisdiction to enter such judgment in favor of plaintiffs.

It is contended that Clause 1 of the General Code, 11894, authorizes the appointment of a receiver in an action "by a creditor to subject property or a fund to his claim." But this is only in a proper cause pending in such court. It does not authorize the court on behalf of the owner of a simple contract claim through the medium of a receiver to take possession of the property of a debtor to the exclusion of the right of a judgment creditor to levy an execution thereon for the collection of his judgment.

As was said by the court in *Cincinnati, H. & D. Ry.* v. *Duckworth*, 1 Circ. Dec. 618 (2 R. 518), affirmed by the Supreme Court, 21 Bull. 36:

"The appointment of a receiver is merely a provisional remedy, ancillary and auxiliary to the main action, and can

only be made in an action brought to obtain some other equitable relief which the court has the right to grant, and where it appears to be necessary to make such appointment in order to preserve the property during the litigation. so that the relief awarded by the final judgment, if any, may be effective.''

The appointment of a receiver can not be the ultimate relief sought.     It is exercised by the court in a proper action to preserve the property upon which its subsequent judgment may operate.     It is in the nature of an attachment or execution before judgment.     *Callahan* v. *Ice Co.* 7 Circ. Dec. 349 (13 R. 479).

As said by Judge Spear in *Cheney* v. *Cycle Co.* 64 Ohio St. at 214 [60 N. E. 207] :

''His appointment is an equitable remedy, bearing the same relation to courts of equity that proceedings in attachment bear to courts of law, the appointment being treated as an equitable execution.     The purpose is to secure the means for satisfying the final order and judgment of the court in the action, and the effect of the seizure is to place the property seized in the custody of the court,'' and citing *Cincinnati, S. & C. Ry.* v. *Sloan,* 31 Ohio St. 1.

And the rule is thus stated in 34 Cyc. 29:

''It is well settled as a general rule that the appointment of receivers is an ancillary remedy in aid of the primary object of a litigation between the parties, and such relief must be germane to the principal suit; and a suit can not be maintained under this general rule where the appointment of a receiver is the sole primary object of the suit and no cause of action or ground for equitable relief otherwise is stated.''

The appointment of receivers for failing corporations made upon their own applications or that of some obliging creditor has been justly reprobated in numerous cases. *Moss Nat. Bank* v. *Lakeside Co.* 10 Circ. Dec. 542 (19 R. 365) ; *Delacroix* v. *Steel Co.* 19 Dec. 767 (8 N. S. 484) ; *Gott* v. *Schultze Co.* 21 Dec. 604 (12 N. S. 206) ; *North Fairmount Bldg. & Sav. Co.* v. *Rehn,* 8 Dec. 594 (6 N. P. 185).

The vigilance of a creditor is poorly rewarded if as soon

Brewing Co. v. Herman.

as he has obtained his judgment he is prevented from collecting it by execution because some friendly creditor fearing that the debtor's property may not yield the full value at judicial sale succeeds in inducing a court of equity to prevent such sale by a recoivership. The case at bar is certainly unusual because it can hardly be exrected that the receiver could make a profit out of the operation of a social club, or that it would yield more if sold as a going concern.

Nor will the fact that the order authorized the receiver to collect club dues in arrears in addition to conserving the club house and furnishings give to the court the power of appointments which we have found to be otherwise lacking.

The court below had no power to appoint a receiver and its order should be set aside and vacated. Cause remanded.

**Swing** and **Jones, (E. H.), JJ.,** concur.