KUENNING *v.* BROAD AND HIGH CORP. ET AL.

(No. 242196—Decided August 17, 1971.)

Common Pleas Court of Franklin County.

*Messrs. Kincaid, Palmer & Randall* and *Mr. Dean W. Palmer, Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. Robert E. Albright,* for plaintiff.

*Messrs. Wiles, Doucher & Tressler* and *Mr. Arthur W. Wiles,* for defendants Alfred W. Tonti, A. Patrict Tonti and Broad and High Corp.

*Messrs. Sater, Seymour & Pease* and *Mr. Robert W. Werth,* for defendant Western & Southern Life Insurance Co.

*Messrs. Hoffman & Bowsher* and *Kathleen K. Haase,* for defendant Helen Nicholas Cox.

*Messrs. Willcox, Park & Hoffman* and *Mr. F. Herbert Hoffman, Jr.,* for defendants Andrew W. Prout, Jr., Trustee, Frank J. Prout, Trustee and Huston M. Prout, Trustee.

FLOWERS, J. This matter came on for hearing upon the motion by plaintiff, Ralph H. Kuenning, doing business as Kuenning's 19, for appointment of a receiver for said business, pursuant to notice.

Upon consideration thereof, together with the evidence adduced at the hearing, the court finds said motion is not well taken and the same is OVERRULED.

Receiverships in Ohio are statutory and are available only in the types of cases specified by statute. Basis for the present motion is recited as R. C. 2735.01 (F), reading as follows:

"In all other cases in which receivers have been appointed by the usages of equity."

Counsel for defendant, Broad and High Corporation, strenuously objected to the appointment of a receiver on the following grounds:

1. Lack of any right by a sole owner to seek a receiver for his own property.

2. Lack of any prayer in the pending complaint for equitable relief to which special proceeding might be ancillary.

3. Absence of need for a receiver, *i. e.*, a receiver could do no more than plaintiff himself is capable of doing in the continuance or termination of the business as an experienced restauranteur.

These objections were joined by counsel for at least one of the creditors in attendance. The fact of objections, or for that matter the presence of an agreement for receivership, is not determinative of the case. The court must determine whether such appointment is necessary and authorized by the statutes.

The only testimony presented was that of the plaintiff, Ralph H. Kuenning. He testified that he had been in the restaurant business for 54 years, was in apparent good health, but that the continued operation of the subject business under the present conditions constituted an emergency, undue hardship, and was already on a day-to-day basis. Over objection, he relegated some of the conditions specified in the complaint as the cause for present difficulties. It is unnecessary and improper for the court to decide the merits of the pending case—the present inquiry involves only the general nature of the case.

The case of *Hoiles* v. *Watkins et al.*, 117 Ohio St. 165,

is applicable to the present proceeding. Paragraph 2 of the syllabus reads as follows:

"To justify the appointment of a receiver within the purview of the sixth paragraph of *Section 11894, General Code*, in 'cases in which receivers heretofore have been appointed by the usages of equity,' it *must appear that the same is ancillary to some final relief in equity between the parties, and not the sole object sought*; nor should such appointment be made if the plaintiff has a full and adequate remedy at law in respect to his alleged rights, or where the court can find another and less stringent means for protecting the rights of the parties." (Emphasis supplied.)

The present case involves a claim for damages as a result of alleged breach of lease, alleged conspiracy, prayer for damages and punitive damages, prayer for a receiver (but limited as to one of the defendants), and a general prayer for "equitable" relief. The action is basically one in damages.

However, a far greater impediment appears against granting the present motion. 46 Ohio Jurisprudence 2d, pages 658-659, Receivers, Section 18, reads as follows:

"The fact that the defendant is so deeply in debt that, if sued, he could not protect his property from levies or continue to carry on his business, is not sufficient ground for the appointment of a receiver on the defendant's own application or that of a creditor for the sole purpose of preventing suits. (*Moss Nat. Bank* v. *Lakeside Co.*, 19 O. C. C. 365, 10 O. C. D. 542, affd. 66 Ohio St. 667.) The appointment of receivers for failing corporations, made upon their own application or that of some obliging creditor, has been refused and the practice criticized in several Ohio cases. (*George Wiedemann Brewing Co.* v. *Herman*, 2 Ohio App. 260, 20 O. C. C. N. S. 187, 38 O. C. C. 362; *De Lacroix* v. *L. Eid Concrete Steel Co.*, 8 O. N. P. N. S. 489, 19 O. D. N. P. 767; *Gott* v. *F. Schultze Co.*, 12 O. N. P. N. S. 206, 21 O. D. N. P. 604.) Thus, it has been said in this connection that it is not the business or duty of the court to carry on the corporate business of those companies finding them-

selves in financial straits and pressed by creditors, and that the bankruptcy courts are open for such corporations and no special privileges should be given them, either by the executive or the judicial department of the government, other than have been conferred by the legislative branch. (*De Lacroix* v. *L. Eid Concrete Steel Co.*, 8 O. N. P. N. S. 489, 19 O. D. N. P. 757.)'' (Parenthetical material added.)

The foregoing authorities are equally applicable to individuals. Despite the apparent emergency demonstrated and undue hardship, this case does not appear as a proper instance in which a receiver should be appointed. The plaintiff has alternate remedies at law and is fully capable of determining the continuance, termination or other disposition of the involved business.

*Motion overruled.*